UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VIRGIN RECORDS AMERICA, INC., a California
corporation; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; ARTISTA RECORDS LLC, a
Delaware limited liability company; UMG
RECORDINGS, INC., a Delaware corporation;
and BMG MUSIC, a New York general
partnership,

         Plaintiffs,

      v.           5:05-CV-370
                   (FJS/GHL)
COURTNEY YANCY,

         Defendant.
_____

APPEARANCES         OF COUNSEL

**WOLFORD & LECLAIR LLP**    **STEVEN E. COLE, ESQ.**
600 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614
Attorneys for Plaintiffs

**COURTNEY YANCY**      **NO APPEARANCE**
101 Olstrom Avenue, Apt. 3
Syracuse, New York 13201
Defendant

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  On March 25, 2005, pursuant to the copyright laws of the United States, 17 U.S.C. § 101

*et seq.*, Plaintiffs filed their complaint against Defendant, seeking statutory damages and

injunctive relief against him for his alleged infringement of certain of their copyrighted sound recordings. *See* Complaint at ¶¶ 1, 11.[1] Specifically, Plaintiffs contend that they are

> the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings") [and that they] believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. . . .

*See id.* at ¶¶ 11, 13.

As a result of Defendant's alleged infringement, Plaintiffs assert that they "are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) . . . [and] are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505." *See id.* at ¶ 15. Finally, Plaintiffs claim that, "[p]ursuant to 17 U.S.C. §§ 502 and 503, [they] are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights." *See id.* at ¶ 16.

Since Defendant did not answer their complaint or otherwise appear within the required time-frame, Plaintiffs filed with the Clerk of the Court and served upon Defendant a request for entry of default, together with an affidavit supporting that request on April 27, 2005. *See* Dkt. Nos. 6, 8. As a result of this request, the Clerk of the Court entered default on April 27, 2005. *See* Dkt. No. 9. Plaintiffs filed and served their Notice of Entry of Default the following day. *See* Dkt. Nos. 10-11. Finally, on May 31, 2005, Plaintiffs filed and served the motion for default

---

[1] According to the returned executed summons, Plaintiffs served Defendant with their complaint on March 31, 2005, by leaving a copy at "[D]efendant's dwelling place with a person of suitable age and discretion then residing therein," *see* Dkt. No. 5, thereby requiring Defendant to answer or otherwise appear by April 20, 2005.

-2-

judgment against Defendant, *see* Dkt. Nos. 12-13, which is currently before the Court for its review.[2]

## II. DISCUSSION

### A.     The effect of Defendant's default

A defendant's default concedes the truth of the well-pleaded allegations in the complaint as to him. *See Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973) (noting that "a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability"). Moreover, "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations and footnote omitted).

As applied to this case, this legal standard requires the Court to conclude that Defendant is liable to Plaintiffs for copyright infringement in that he used an online media distribution system to copy the copyrighted sound recordings listed on Exhibit "A" to Plaintiffs' complaint and to distribute those recordings to other users of the system. *See* Complaint at ¶¶ 11-13. Moreover, these facts, which the Court must consider "established," constitute direct copyright infringement. *See In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004) (holding that "[i]f the music is copyrighted, such swapping, which

---

[2] Although Defendant was required to file any papers in opposition to Plaintiffs' motion on or before June 21, 2005, he has not done so.

involves making and transmitting a digital copy of the music, infringes copyright. The swappers, who are ignorant or more commonly disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement, are the direct infringers"); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) (stating that individuals who upload and download files from systems similar to the one that the defendant used commit direct copyright infringement). Accordingly, the Court holds that Defendant is liable to Plaintiffs for infringement of those copyrighted works that Plaintiffs listed in Exhibit "A" and attached to their complaint by the means alleged in that complaint.

**B.     Damages**

Section 504(a) of the Copyright Act provides, in pertinent part, that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). Section 504(c), in turn, provides, in pertinent part, that

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1); *see also Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1114 (2d Cir. 1986) (holding that "[t]he owner may elect to recover – instead of actual damages and profits – statutory damages under [17 U.S.C.] § 504(c)(1) for those works whose copyrights were registered at the time the infringement occurred").

Moreover, "[a] plaintiff may elect statutory damages 'regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits.'" *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir.

2001) (quotation omitted); *see also Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (holding that "a plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant,' . . . in order '"to sanction and vindicate the statutory policy" of discouraging infringement'" (quotation omitted)).

In the present case, rather than seek and/or attempt to prove actual damages, Plaintiffs have opted to seek the minimum statutory damages and costs to which they are entitled as a result of Defendant's infringement. Specifically, Plaintiffs seek $750 for each of the six infringements that they allege in their complaint, the minimum provided for in § 504, for a total of $6,750; an injunction pursuant to § 502, and costs pursuant to § 505 in the amount of $270.[3]

Furthermore, in their "[Proposed] Default Judgment and Permanent Injunction," Plaintiffs request that the Court issue an Order granting them the following permanent injunctive relief

---

[3] There appears to be some confusion about the number of copyrighted works for which Plaintiffs seek minimum statutory damages. In Exhibit "A" attached to their complaint, they list *twelve* copyrighted works; *see* Complaint at Exhibit "A;" in their Memorandum of Law in support of their motion for entry of a default judgment, they state that they are seeking "[t]he minimum statutory damages provided by Section 504 of the Copyright Act ($750) for each of the *six (6)* infringements alleged in the Complaint, for a total of $6,750.00 . . .;" *see* Memorandum of Law at 3 (emphasis added); and in their "[Proposed] Default Judgment and Permanent Injunction," they "seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the *ten* sound recordings listed in Exhibit A to the Complaint. Accordingly, having been adjudged to be in default, Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the *nine* sound recordings listed, in the total principal sum of Six Thousand Seven Hundred Fifty Dollars ($6,750.00)," *see* [Proposed] Default Judgment and Permanent Injunction at ¶ 1 (emphasis added). In view of the fact that in paragraph 3 of their proposed judgment Plaintiffs specifically seek to enjoin the infringement of *nine* copyrighted works and that 9 times $750 (the statutory minimum damages) equals $6,750, the Court concludes that, despite these apparently conflicting requests, Plaintiffs are seeking statutory damages from Defendant for his infringement of *nine* copyrighted works.

against Defendant:

Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

"Nastradamus," on album "Nastradamus," by artist "nas" (SR# 276-132);

"In The Summertime," on album "Boombastic," by artist "Shaggy" (SR# 222-048);

"You Should Be Mine," on album "Anytime," by artist "Brian McKnight" (SR# 242-274);

"Girls Dem Sugar," on album "Art And Life," by artist "Beenie Man" (SR# 284-383);

"I Cry," on album "Rule 3:36," by artist "Ja Rule" (SR# 270-080);

"You Make Me Wanna," on album "My Way," by artist "Usher" (SR# 252-613;

"Damien," on album "It's Dark And Hell Is Hot," by artist "DMX" (SR# 252-613);

"Got Me a Model," on album "RL:Ements," by artist "RL" (SR# 309-766);

"Funkdafied," on album "Funkdafied," by artist "Da Brat" (SR# 199-136);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has

>    downloaded onto any computer hard drive or server without
>    Plaintiffs' authorization and shall destroy all copies of those
>    downloaded recordings transferred onto any physical medium or
>    device in Defendant's possession, custody, or control.

*See* [Proposed] Default Judgment and Permanent Injunction at ¶ 3.[4]

Courts regularly issue injunctions pursuant to § 502 because "the public interest is the interest in upholding copyright protections." *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993) (citation omitted). Moreover, they do so even when the injunction is part of the relief sought in a motion for entry of a default judgment. *See, e.g., Claremont Flock Corp. v. Alm*, 281 F.3d 297 (1st Cir. 2002) (affirming award of default judgment and injunction); *Secs. & Exch. Comm'n v. Coldicutt*, 258 F.3d 939, 945 (9th Cir. 2001) (affirming refusal to terminate permanent injunction issued on default judgment).

In this case, Plaintiffs allege that Defendant's conduct is causing them irreparable injury for which they cannot fully be compensated in money damages and that they will continue to suffer such injury unless the Court enjoins Defendant from continuing to infringe their copyrights. *See* Complaint at ¶ 16. In copyright cases, irreparable harm is presumed upon a showing of a reasonable likelihood of success on the merits. *See Micro Star v. Formgen, Inc.*,

---

[4] Although in most situations this Court would hesitate to grant permanent injunctive relief as to "later created" works, the Court agrees with the District Court for the Southern District of Florida that "[i]njunctive relief . . . is especially favored [for copyright infringement] where there is a history of continuing infringement and a substantial threat of continued infringement. . . ." *SONY Music Entm't, Inc. v. Global Arts Prods.,* 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (internal citation omitted), and that "[i]n such cases, a district court ought not only to issue a broad permanent injunction protecting present works, but can protect works not yet created." *Id.* (citing *Pacific & Southern Co., Inc. v. Duncan*, 744 F.2d 1490 (11th Cir. 1984)).

However, the Court will amend Plaintiffs' proposed language to include the word "copyrighted" so that the first phrase after the list of copyrighted works reads "in any other **copyrighted** sound recording."

154 F.3d 1107, 1009 (9th Cir. 1998) (citation omitted); *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982). Moreover,

> [t]he only difference in the elements needed for the granting of a permanent, as opposed to a preliminary, injunction is the need to show success on the merits, not merely likelihood of success. . . . Consequently, Plaintiffs in this case need not show irreparable harm, as the default against Defendants satisfies the element of success on the merits.

*SONY Music Entm'ts, Inc. v. Global Arts Prods.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (internal citation and other citation omitted).

In support of their claim that they need a permanent injunction to prevent further harm, Plaintiffs allege that Defendant's infringement of their copyrights was widespread and that his "means of infringement – an online media distribution system with tens of millions of potential users – has left Plaintiffs' Sound Recordings vulnerable to massive, repeated, near-instantaneous, and worldwide infringement." *See* Memorandum of Law at 8. Moreover, Plaintiffs contend that

> there is no evidence that Defendant has stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendant would stop. Defendant's failure to respond to the Complaint suggests that Defendant does not take seriously the illegality of the infringing activity. Thus, without an injunction, Plaintiffs' copyrighted recordings would remain vulnerable to continued, repeated infringement.

*See id.*

Based upon the applicable law, which provides for a presumption of irreparable harm in a copyright infringement action, and Defendant's default, which establishes Defendant's liability for the alleged infringement, the Court grants Plaintiffs' request for a permanent injunction with

the change noted in footnote 4 *supra*.[5]

### III. CONCLUSION

After carefully considering Plaintiffs' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion for entry of a default judgment against Defendant is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Plaintiffs and against Defendant for the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the **nine** copyrighted sound recordings listed in the next paragraph, which are also listed in Exhibit "A" attached to Plaintiffs' complaint, in the total principal sum of **Six Thousand Seven Hundred Fifty Dollars ($6,750)**; and the Court further

**ORDERS** that the judgment in favor of Plaintiffs and against Defendant include the following permanent injunctive relief:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:
>
> "Nastradamus," on album "Nastradamus," by artist "nas" (SR# 276-132);

---

[5] With respect to their request for costs, pursuant to 17 U.S.C. § 505, Plaintiffs filed a Bill of Costs on July 20, 2005, which specifies that Plaintiffs are seeking $250 in costs for "Fees of the Clerk," i.e., filing fees, and $20 in costs for "Fees for service of summons and subpoena." *See* Dkt. No. 14 and attachments thereto. Based upon this documentation, the Court grants their request for costs in this amount.

"In The Summertime," on album "Boombastic," by artist "Shaggy" (SR# 222-048);

"You Should Be Mine," on album "Anytime," by artist "Brian McKnight" (SR# 242-274);

"Girls Dem Sugar," on album "Art And Life," by artist "Beenie Man" (SR# 284-383);

"I Cry," on album "Rule 3:36," by artist "Ja Rule" (SR# 270-080);

"You Make Me Wanna," on album "My Way," by artist "Usher" (SR# 252-613;

"Damien," on album "It's Dark And Hell Is Hot," by artist "DMX" (SR# 252-613);

"Got Me a Model," on album "RL:Ements," by artist "RL" (SR# 309-766);

"Funkdafied," on album "Funkdafied," by artist "Da Brat" (SR# 199-136);

and in any other copyrighted sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control[;]

and the Court further

**ORDERS** that judgment in favor of Plaintiffs and against Defendant include costs in the

amount of **$270** as set forth in the Bill of Costs that Plaintiffs filed on July 20, 2005; and the Court further

   **ORDERS** that the Clerk of the Court close this case.

**IT IS SO ORDERED.**

Dated: August 5, 2005
       Syracuse, New York

                                                    Frederick J. Scullin, Jr.
                                                    Chief United States District Court Judge